UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: ROBERT J. HANRATTA, JR. | ) | |
|       KERRY F. HANRATTA | ) | Case No. 11-33907-DOT |
| | ) | Chapter 7 |
|       Debtors. | ) | |

## MOTION FOR RELIEF FROM STAY AND NOTICE OF MOTION

Essex Bank ("Essex"), by counsel, respectfully moves this Court to grant it relief from the Automatic Stay of 11 U.S.C. § 362 to allow Essex to enforce its remedies under its security instruments and state law, including the right to foreclose upon and sell certain collateral owned by the Debtors or enter an order granting it adequate protection of its security interest, and in support thereof states as follows:

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157.

2. The Debtors filed their Chapter 7 Petition on or about June 13, 2011.

3. On or about March 15, 2003, the Debtors executed a Promissory Note ("Note") in the principal amount of $104,000.00 payable to Essex, who is the holder of the Note. A copy of the Note is attached as Exhibit 1.

_____
David G. Browne (VSB# 65306)
Meyer, Goergen & Marrs, P.C.
1802 Bayberry Court, Suite 200
Richmond, VA 23226
Telephone:      (804) 288-3600
Facsimile:      (804) 565-1233
E-mail:      browne@mgm-law.com
*Counsel for Essex Bank*

1

4. The Note is secured by a Deed of Trust ("DOT") dated May 22, 2003 and recorded at and in the Tucker County Court in Tucker County, West Virginia on May 27, 2003, in Book 181, Page 578, having been executed by both Debtors and encumbering certain real property owned by the Debtors in Tucker County, West Virginia ("Property"). A copy of the Deed of Trust is attached hereto as Exhibit 2 and includes a full and complete legal description of the property.

5. Essex is a secured creditor of both Debtors, with a payoff as of June 13, 2011 (the petition date) of $98,009.67 in principal, $5,355.93 in accrued interest, $716.85 in late fees and $2,883.95 in additional fees and costs, plus attorney's fees and costs.

6. The Debtors have failed to make regular and timely payments to Essex since October of 2010 despite pre-petition written demand from Essex, and they remain delinquent and in default under the terms of the Note and security agreement

7. The interests of Essex in the above-referenced Property are not adequately protected, constituting cause for granting relief from the automatic stay under 11 U.S.C. § 362(d)(1).

8. Essex further requests that the fourteen day period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure during which the stay remains in effect be waived and any Order granting relief shall become effective immediately upon entry.

WHEREFORE, for the foregoing reasons, Essex Bank respectfully requests that this Court enter an Order granting it relief from the automatic stay of 11 U.S.C. § 362 as to the Property, allowing Essex Bank to enforce its remedies under the Note, the DOT and under state law, including the right to foreclose upon the Property, that the fourteen day period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure during

which the stay remains in effect be waived and that any Order granting relief shall become effective immediately upon entry, or otherwise granting it adequate protection of its security interest, and that it have such other and further relief as the Court may deem appropriate.

### ***NOTICE OF MOTION***

Essex Bank has filed this Motion for Relief from Stay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within fourteen (14) days of service of this Motion, you or your attorney must:

1. File with the court, at the address shown below, a written response and supporting memorandum. If you mail your request for response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

    Clerk of Court
    United States Bankruptcy Court
    Eastern District of Virginia
    701 E. Broad Street, Suite 4000
    Richmond, VA 23219

2. Attend a hearing to be held on **August 9, 2011 at 11:00 A.M.** in Judge Tice's Courtroom, United States Bankruptcy Court, U.S. Courthouse, 701 E. Broad Street, Room 5100, Richmond, Virginia.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

Respectfully submitted,

_____/s/ David G. Browne_____
David G. Browne (VSB# 65306)
Meyer, Goergen & Marrs, P.C.
1802 Bayberry Court, Suite 200
Richmond, VA 23226
Telephone:    (804) 288-3600
Facsimile:    (804) 565-1233
E-mail:        browne@mgm-law.com
*Counsel for Essex Bank*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of and Motion for Relief from Automatic Stay and Notice of Hearing was sent via U.S. Mail, postage prepaid, or delivered by electronic means, this 22nd day of July, 2011 to the following, constituting all necessary parties:

Robert J. Hanratta
1000 Sommerworth Lane, Apt. 1527
Richmond, VA 23233

Kerry F. Hanratta
1570 Miller Lane
Manakin-Sabot, VA 23103

Kevin A. Lake
McDonald, Sutton & Duval, PLC
5516 Falmouth Street, Suite 108
Richmond, VA 23230

Roy M. Terry, Jr., Trustee
DurretteCrump PLC
P.O. Box 2188
Richmond, VA 23218-2188

_____/s/ David G. Browne_____